USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1328 IKBAL GAIBI-RODR GUEZ, Plaintiff, Appellant, v. EMERGENT GROUP, INC., ET AL. Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Prez-Gimnez, U.S. District Judge] Before Boudin, Circuit Judge,  Bownes, Senior Circuit Judge,  and Reavley*, Senior Circuit Judge.   Fernando L. Gallardo, with whom Woods & Woods was onbrief for appellant. Jaime E. Toro-Monserrate, with whom Ra£l M. Arias, andMcConnell Valdes were on brief for appellees.October 16, 1998 ___________________ *Of the Fifth Circuit, sitting by designation. BOWNES, Senior Circuit Judge. The sole issue in thiscase is whether the trial court erred when it dismissed this actionfor breach of contract and fraud. We affirm the district courtopinion, which we have reviewed de novo. I. In the latter part of 1995, plaintiff-appellant IkbalGaibi Rodr¡guez ("Gaibi") and defendant-appellees Emergent Group,Inc., Emergent Mortgage Corp., and Carolina Investors, Inc.(collectively, "Emergent"), entered into negotiations to establisha strategic alliance to provide one another with certain financialservices. On December 5, 1995, the parties executed aConfidentiality Agreement to govern their discussions. Thatagreement provided, inter alia, that "[n]one of the Parties shallhave any duty of obligation whatsoever to proceed with anytransaction unless and until a definite, written agreement has beenmutually approved, executed, and delivered to both parties." Negotiations over the details of the venture continued.  At some point, the negotiations centered on the possiblecreation of a corporation preliminarily called the "EmergentLending Puerto Rican Company" or the "Puerto Rico LendingInstitution" that would then employ Gaibi. On June 1, 1996,Gaibi allegedly discontinued other business endeavors and attendedtraining sessions at Emergent's offices for three weeks andcontinued to work on aspects of the venture. On June 20, 1996,Emergent informed Gaibi that it had decided to withdraw from itsdealings with him. The corporation was never created. Gaibi wasreimbursed $2,132.24 "for the expenses [he] incurred while visiting[Emergent]." (7/9/96 letter from Donald L. Batts to Gaibi). Inaddition, he was paid "three months salary ($25,000) for the timeand effort [he] extended working on developing the Emergent LendingPuerto Rican company." This was to "help cover [his] expenses andprovide for the transition into [his] new employment."  II. This lawsuit followed. In his complaint, Gaibi alleged:(1) breach of the Confidentiality Agreement because defendantsfailed to develop the Puerto Rican Lending Institution and misusedtheir relatively more substantial "economic wealth"; (2) breach ofan alleged Development Agreement; (3) breach of good faith and fairdealing by fraudulently refusing to develop the corporation; and(4) breach of an alleged Employment Agreement. Defendants moved todismiss for failure to state a claim or, in the alternative, totransfer the case to the District of South Carolina.  The trial court granted the motion to dismiss. Itdismissed the Confidentiality Agreement claim because Gaibi did notallege any facts suggesting that defendants misused the informationthey gained during negotiations or otherwise failed to negotiate ingood faith; and dismissed the remaining claims because it found nowritten Development or Employment Agreements. The court dismissedthe fraud claim on the ground that the complaint contained onlyconclusory assertions but no facts upon which a finding of fraudcould be based. III. On appeal, Gaibi contends that: (1) there had to havebeen an Agreement because he attended training sessions, was paidthree months' salary, and had begun working for the EmergentLending Puerto Rican Company, which was "developed, at least defacto"; (2) the parties did "proceed with [a] transaction," therebyrendering the Confidentiality Agreement's requirement for a writtenagreement inapplicable; and (3) the court erred by failing toconvert the motion to dismiss to one for summary judgment. As to his breach of contract claims, although Gaibisubmitted several letters which he contends represent codifiedagreements, none of them are. See K-Mart v. Davis, 756 F. Supp.62, 68-69 (D.P.R. 1991). For example, the letter dated April 8,1998 from Keith B. Giddens of Emergent to Gaibi does not containthe "terms and conditions of [his] Employment Contract," as Gaibicontends, but is simply evidence of ongoing negotiations: theletter employs conditional language such as, "If I am correct, youwill own . . ." and "Other provisions will have to include . . . ." Similarly, the document Gaibi calls evidence of his acceptance ofthe purported Employment Agreement (4/16/96 letter from Gaibi toGiddens) is no more than his agreement to the "basic concept" ofthe current proposal and includes further suggestions by Gaibi. Inshort, Gaibi simply cobbles together various circumstances that mayor may not be consistent with the existence of a contract, butwhich in light of the Confidentiality Agreement's demand for awritten agreement are clearly insufficient to form a contractualmeeting of the minds.  That Gaibi voluntarily forewent other businessopportunities, and that Emergent compensated him for the time spenton the project and trained him in the hope that the project wouldmaterialize, does not satisfy this contractual requirement. Likewise, we find no merit to Gaibi's argument that the parties hadexplicitly waived or modified the terms of the ConfidentialityAgreement. The court's dismissal of the fraud claim is alsounassailable. None of the alleged facts suggest any intent todefraud Gaibi or negotiate in bad faith. See Fed. R. Civ. P. 9(b). And Gaibi's own complaint suggests that negotiations simply did notpan out. Gaibi's claim that the court should have converted themotion to dismiss to one for summary judgment requires only briefcomment. He never asked for such a conversion and the courtconsidered only documentary evidence that was crucial to hisclaims, i.e., the Confidentiality Agreement and all documentssubmitted by plaintiff which purportedly represented Development orEmployment Agreements but which were clearly correspondenceexchanged during and as part of the negotiations. There was noreason for the court to sua sponte convert the motion for dismissalto one for summary judgment. See Watterson v. Page, 987 F.2d 1, 3(1st Cir. 1993); Fed. R. Civ. P. 12(b). Affirmed. Costs on appeal awarded to appellee.